THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TYRONE DOTSON, Defendant-Appellee.

First District (3rd Division)   Nos. 61659-61662 cons.

Opinion filed March 18, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The circuit court of Cook County granted defendant Tyrone Dotson's motion to suppress evidence seized during an unlawful search. The People appeal, arguing that the search was proper.

We affirm.

The evidence presented at the hearing on defendant's motion to suppress indicates the following. The only evidence was the testimony of the arresting officer, who testified to the following facts. On January 11, 1975, he observed defendant in a car turn out of a gas station driveway at a great rate of speed, and heard the squealing of tires. The Chicago policeman and his two partners stopped defendant and noted that the car was not displaying a city vehicle license sticker. The officer informed defendant that he was charged with negligent driving and not having a city sticker. Defendant then produced a valid operator's license upon the policeman's demand. The policeman then testified that as he was examining the driver's license, defendant "kept sticking his hand in his pocket, changing weight on his feet and [took] approximately two, three steps away from me, backwards." The officer then patted down defendant's person and discovered a concealed weapon. Defendant's motion to suppress the weapon and other evidence seized was granted.

On appeal, the People argue that the officer acted properly under the circumstances, and that the officer's actions were authorized by section 108—1.01 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 108—1.01), which states:

> "When a peace officer has stopped a person for temporary questioning pursuant to Section 107—14 of this Code and reasonably suspects that he or another is in danger of attack, he may search the person for weapons.   *   *   *"

The People contend that the officer reasonably suspected that he or another was in danger of attack, and thus properly searched defendant for weapons. It is submitted that the defendant's actions caused the officer to have such suspicions.

■■ As we read the record, the only evidence as to the defendant's behavior was that he stuck his hands in his pockets and changed the weight on his feet while standing next to his car on the street on January 11, 1975. The police officer did not testify that he thought defendant was going to attack him or his fellow patrolmen. All we have before us is the situation of a policeman stopping a traffic offender on a winter day and the defendant sticking his hands in his pockets and shifting the weight on his feet. In the absence of anything further, this merely suggests an individual trying to keep warm. This is not enough, in our opinion, to justify a search. *People v. Watson* (1972), 9 Ill. App. 3d 397.

■■ Although the People argue that the failure to display a city vehicle

license sticker is of consequence, citing *People v. Palmer* (1976), 62 Ill. 2d 261, we disagree. In *Palmer*, the Supreme Court noted that "the absence of license plates suggests a serious violation of the law which justifies a search." (62 Ill. 2d 261, 263.) It would stretch the imagination to think that the absence of a city sticker suggests anything more than the failure to pay the license fee or to affix the decal. Whereas license plates may be removed to conceal the identity of a vehicle from observers, the same may not be said of a city sticker without a further showing.

For the abovementioned reasons, the order of the circuit court of Cook County suppressing evidence is affirmed.

Order affirmed.

MEJDA, P. J., and McNAMARA, J., concur.